John Dempsey Raiford and Roberta Raiford v. Commissioner.
Raiford v. Commissioner
Docket No. 821-65.
United States Tax Court
T.C. Memo 1966-201; 1966 Tax Ct. Memo LEXIS 83; 25 T.C.M. (CCH) 1036; T.C.M. (RIA) 66201; September 15, 1966
John Dempsey Raiford, pro se, 18 Voyage St., Venice, Calif. Morley H. White, for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: A deficiency has been determined by respondent in the income tax of petitioners for the taxable year 1962 in the amount of $442.14. The issue to be decided is whether respondent correctly disallowed petitioners' dependency deductions taken in their income tax return for that year relating to Jacqueline and Gwendolyn Davis, two minor nieces of petitioner John Dempsey Raiford, under a multiple support agreement. In their return petitioners claimed an additional dependency deduction for Marshall Mhoon which they concede was not proper and which concession will be given effect under Rule *84 50. Findings of Fact All stipulated facts are so found. Petitioners who are husband and wife filed their joint income tax return for 1962 with the district director at Los Angeles, California. Petitioner (hereinafter meaning John Dempsey Raiford) in his 1962 return treated Gwendolyn and Jacqueline Davis, his minor nieces aged 9 and 10, respectively, as his dependents and claimed a dependency deduction for each. He had theretofore entered into a valid multiple support agreement regarding the two minors with his mother, Minnie Mhoon Miller, and the children's father, Knowledge N. Davis, who was during such year a member of the Armed Forces of the United States. As an Armed Forces member the father contributed $104.90 per month for the support of his mother, Minnie Mhoon Miller, and three children, including Gwendolyn and Jacqueline. The Government's contribution to the father's allotment was $44.90 per month, the remaining $60 being taken from the father's pay. The two nieces and their minor brother lived during 1962 in the home of their grandmother, Minnie Mhoon Miller, in Memphis, Tennessee, together with petitioner's sister, Mattie Withers. The grandmother was not gainfully *85 employed during that year. It is stipulated that petitioner contributed $45 during the year toward the support of each niece. In addition, we find that he contributed $211.84 in clothing purchased for each niece during the year. Mattie Withers was employed during 1962 and contributed an average of $7.50 per week toward the support of the household. The monthly rent of the home was $48.50. The cost of utilities was $13.50 per month. The average weekly grocery bill for the household was $16 per week. Neither the nieces' grandmother nor their father claimed them or either of them as a dependent for the taxable year 1962. The total cost of support for each of petitioner's nieces during 1962 was $649.54. No one person furnished more than half such total support. Of the total cost of such support for each niece, petitioner furnished $256.84, or in excess of 10 percent thereof. Opinion In order that a dependency deduction be allowed under a multiple support agreement, the taxpayer must show under section 152(c) of the Internal Revenue Code of 1954[1] that no one person contributed more than half the total yearly cost of support of the claimed dependent, *86 that except for the requirement of contribution of more than 50 percent of total support, each person contributing to the support of a claimed dependent could legally have been entitled to claim the dependency deduction, that the taxpayer claiming the deduction furnished in excess of 10 percent of such total support, and that each person who contributed more than 10 percent of such support has agreed in writing that he will not claim such person as a dependent for the involved year. *87 It is stipulated that a valid multiple support agreement exists between petitioner, his mother Minnie Mhoon Miller, and his brother Knowledge N. Davis. This leaves only two issues to be decided. The preliminary issue is whether any one person contributed more than half the support for either of petitioner's nieces during 1962. This issue is disposed of in our findings by mathematical computation. We have found the total support furnished each child to have been $649.54. The evidence indicates that neither the petitioner, the children's father, their grandmother, nor Mattie Withers contributed more than half of this amount to their support. Ten percent of the total cost of the support for each child is $64.95. Our findings are that petitioner contributed $256.84 to the support of each niece. We therefore find that he has complied with the controlling law, has sustained his burden of proof, and is entitled to claim Jacqueline and Gwendolyn Davis as dependents for the taxable year 1962. Decision will be entered under Rule 50. Footnotes
1. SEC. 152. DEPENDENT DEFINED. * * *
(c) Multiple Support Agreements. - For purposes of subsection (a), over half of the support of an individual for a calendar year shall be treated as received from the taxpayer if - (1) no one person contributed over half of such support; (2) over half of such support was received from persons each of whom, but for the fact that he did not contribute over half of such support, would have been entitled to claim such individual as a dependent for a taxable year beginning in such calendar year; (3) the taxpayer contributed over 10 percent of such support; and (4) each person described in paragraph (2) (other than the taxpayer) who contributed over 10 percent of such support files a written declaration (in such manner and form as the Secretary or his delegate may by regulations prescribe) that he will not claim such individual as a dependent for any taxable year beginning in such calendar year.↩